# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

RUSSELL E. CRANKSHAW, SR., §
§
    Plaintiff, §
§ No.: 1:11-CV-377
vs. § *Jury Trial Demanded*
§
§
CSX TRANSPORTATION, INC., §
§
    Defendant. §

## ANSWER

For answer to the Complaint, the Defendant, CSX Transportation, Inc., says as follows:

(1)     It is admitted Plaintiff brings this action pursuant to the Federal Employers Liability Act but it is denied Plaintiff would be entitled to any recovery whatsoever pursuant to the Act. Jurisdiction is admitted.

(2)     The allegations of Paragraph 2 of the Complaint are admitted.

(3)     The allegations of Paragraph 3 of the Complaint are admitted.

(4)     The allegations of Paragraph 4 of the Complaint are admitte.

(5)     It is admitted that Plaintiff claims that an incident took place in Hamilton County, Tennessee, on January 4, 2011. At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of such a claim.

(6)     It is admitted that on January 4, 2011, the Plaintiff was working as an employee of the Defendant, CSX Transportation, Inc., at its Wauhatchie Yard in Chattanooga, Tennessee.

(7)     The allegations of Paragraph 7 of the Complaint are denied.

(8)     The allegations of Paragraph 8 of the Complaint are denied.

(9) The allegations of Paragraph 9 of the Complaint are denied.

(10) The allegations of Paragraph 10 and each of its sub-paragraphs are denied. At all times material the Defendant provided to the Plaintiff a reasonably safe place in which to work.

(11) The allegations of Paragraph 11 of the Complaint are denied.

(12) The allegations of Paragraph 12 of the Complaint are denied.

(13) The allegations of Paragraph 13 of the Complaint are denied.

(14) The allegations of Paragraph 14 of the Complaint are denied.

(15) The allegations of Paragraph 15 of the Complaint are denied.

(16) The allegations of Paragraph 16 of the Complaint are denied.

(17) It is denied Plaintiff would be entitled to any recovery whatsoever from the Defendant, CSX Transportation, Inc.

## SECOND DEFENSE

(18) In the event the Plaintiff slipped on a piece of ice as suggested, which is denied, he did so as a sole, only, proximate and 100% result of his own negligence.

## THIRD DEFENSE

(19) Although the Defendant denies that this incident took place as claimed, and it further denies that it was negligent in any form or fashion in the event that it did, Plaintiff was guilty of contributory negligence in that he failed to exercise a reasonable degree of care for his own safety, failed to follow the Defendant's safety rules promulgated for his own safety and protection, failed to watch where he was walking and failed to avoid the alleged piece of ice when he had a reasonable opportunity to do so.

## FOURTH DEFENSE

(20) In any event, the Plaintiff's medical bills have been paid by virtue of a contract between the Defendant and Plaintiff's Union and Plaintiff would not be entitled to a double recovery.

## FIFTH DEFENSE

(21) The Defendant reserves the right to rely upon the Doctrine of Failure to Mitigate.

## SIXTH DEFENSE

(22) The Defendant reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendant, CSX Transportation, Inc., prays that it be dismissed and demands trial by jury.

BAKER, O'KANE, ATKINS & THOMPSON

S/ John W. Baker, Jr., Esq., BPR #001261
   Emily L. Herman-Thompson, Esq., BPR #021518
   Attorneys for Defendant

2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600

## CERTIFICATE OF SERVICE

I hereby certify that on *February 6, 2012*, a copy of the foregoing *Answer*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr., Esq.