UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RUSSELL E. CRANKSHAW, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:11-CV-377 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

Before the Court is Defendant CSX Transportation, Inc.'s ("Defendant") motion for summary judgment (Court File No. 24). Defendant argues Plaintiff Russell Crankshaw's ("Plaintiff") cause of action should be barred by judicial estoppel because Plaintiff failed to disclose his claim to the court overseeing his bankruptcy. Plaintiff responded in opposition (Court File No. 29), arguing he had made all payments under his bankruptcy plan prior to accrual of his claim and judicial estoppel would be inappropriate. Defendant replied (Court File No. 37) and the parties engaged in substantial subsequent briefing (Court File Nos. 40, 41, 43, 44, 45, 46) without leave of the Court.[1] For the following reasons, the Court will **DENY** Defendant's motion (Court File No. 24).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed for bankruptcy protection on January 1, 2008 in the Bankruptcy Court of the Northern District of Georgia. The bankruptcy plan, which provided for payoff of all debts, was

---

[1] Plaintiff sought leave of the Court simultaneous with submission of additional briefing (Court File No. 40). The Court will **GRANT** that motion, although it would prefer parties wait for the Court's permission to file additional briefs rather than do so preemptively. As happened in this case, opposing counsel will feel compelled to respond regardless of whether the Court were to grant leave or not for fear the Court will find the improperly filed brief contains a convincing argument.

confirmed on May 5, 2008. Plaintiff made his final payment under the plan in December 2010. Two unsecured debts remained following this payment, but the creditors had not responded to the bankruptcy notices by filing a claim (Court File No. 29-1). The bankruptcy court discharged these claims without payment (Court File No. 24-5).

On January 4, 2011, four months before his bankruptcy case was closed, Plaintiff slipped and fell on Defendant's property. He was an employee of Defendant at the time it occurred and reported the injury. Defendant investigated the alleged incident and determined Plaintiff had falsified the injury. After this determination, in April 2011, Defendant fired Plaintiff.

On May 23, 2011, Plaintiff was discharged and his bankruptcy case was closed. In December of that year, Plaintiff filed the instant action related to his injury and subsequent termination.[2] Plaintiff did not amend his bankruptcy filings or notify the bankruptcy court of his possible cause of action. After Defendant filed this motion for summary judgment, Plaintiff moved to reopen his bankruptcy case. The bankruptcy court then entered Plaintiff's proposed order, which reopened the case for fifteen days but noted the asset constitutes post-petition, post-confirmation property and because the plan had been fully paid by the time the action accrued, the plan could not be modified.

An additional wrinkle complicates this case. In discovery, Plaintiff responded to Defendant's interrogatories and request for production. In response to an interrogatory inquiring whether Plaintiff ever declared bankruptcy, Plaintiff indicated he filed for bankruptcy in 1999 and

---

[2] Concurrent with these events, the Court faced an issue of debtor standing in a similar case. The Court stayed this case pending determination of that plaintiff's standing to pursue a claim. Because the Court concluded the plaintiff in the related case had standing to pursue her claim, the Court lifted the stay in this matter and similarly concluded Plaintiff could proceed with his claim, albeit subject to disposition of the instant motion.

in response to another interrogatory stated he had not filed bankruptcy in the past ten years (Court File No. 24-8, pp. 13, 18). During deposition, Plaintiff stated he had only filed bankruptcy once: the 2008 bankruptcy relevant here (Court File No. 24-9, p. 33). He also stated he was discharged in 2010 (*id.* at p. 34), although the parties do not dispute he was actually discharged in May 2011.

## II. DISCUSSION

### A. Judicial Estoppel

Defendant claims Plaintiff is judicially estopped from raising the instant claims because he failed to notify the bankruptcy court and his creditors of the claims raised in this action. Plaintiff argues he was not in a position to amend the bankruptcy schedules because the plan had been paid in full.

Judicial estoppel is an equitable doctrine that "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding where (2) the prior court adopted the contrary position 'either as a matter or as part of a final disposition.'" *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)) (internal quotation marks omitted). This doctrine "preserve[s] 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Browning*, 283 F.3d at 776 (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Although there is "no set formula for assessing when judicial estoppel should apply," *In re Commonwealth Inst. Sec.*, 394 F.3d 401, 406 (6th Cir. 2005), at a minimum, "a party's later position must be clearly inconsistent with its earlier position for judicial estoppel to apply," *Lorillard Tobacco*, 546 F.3d at 757 (internal quotation marks

omitted).

The parties engage in significant discussion of whether Plaintiff was required, or even able, to amend his schedules *at all* since the plan was fully paid before the instant action accrued. The bankruptcy court and the trustee apparently agree with Plaintiff, as the bankruptcy court issued Plaintiff's proposed order–itself consented to by the trustee–which states

> [t]he Court notes that the asset referenced in the Debtor's Motion is a post-petition, post-confirmation asset that, on the date of the Debtor's injury, January of 2011, all payments had been made pursuant to the terms of the confirmed 100% dividend Chapter 13 Plan. Pursuant to 11 *U.S.C.* 1329(a), the plan could not be modified.

(Court File No. 44-1). Defendant, naturally, minimizes the impact of this order and notes the determination of judicial estoppel is for this court to decide.[3]

However, the doctrine of judicial estoppel "should be applied with caution to avoid impinging on the truth-seeking function of the court." *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (internal quotation marks omitted). Where conduct is nothing more than mistake or inadvertence, judicial estoppel is inappropriate. *Browning*, 283 F.3d at 776. "Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are: (1) the debtor lacks knowledge of the factual basis of the undisclosed claims, and (2) where the debtor has no motive for concealment." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (internal citations omitted). The Sixth Circuit has held "absence of bad faith" is another factor to be considered in determining whether to apply the doctrine of judicial estoppel. *Eubanks*, 385 F.3d at 895.

---

[3] The bankruptcy court judge, in consideration of Plaintiff's motion to reopen, stated he did not believe this case was one in which judicial estoppel was appropriate. The order at issue here, on the other hand, states the plan could not have been modified even if Plaintiff had sought to do so before the bankruptcy case was dismissed.

4

The Court need not decide whether Plaintiff was required to disclose this action to the bankruptcy court to resolve Defendant's motion. The Court is simply unable to divine any motive on Plaintiff's part for intentionally failing to disclose this action. By the time Plaintiff was injured, he had paid all of the payments under the plan which accounted for all of his outstanding debt. Although two unsecured creditors had not been paid, they failed to make a claim in bankruptcy and Plaintiff was therefore not required to pay them pursuant to the plan. In fact, Plaintiff obtained a refund for overpayment on the plan which exceeded the value of this outstanding debt.[4] Even if Plaintiff had notified the bankruptcy court of the possible cause of action, it would not have provided Plaintiff any benefit. The bankruptcy court reopened Plaintiff's case after Defendant filed its motion for summary judgment but did not amend the schedule because the plan had been paid off in full. *See* 11 U.S.C. § 1329(a) ("At any time after confirmation of the plan *but before the completion of payments* under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim . . . .") (emphasis added).

Defendant largely sidestepped this issue in its initial brief, merely noting "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Dickerson v. Fed. Express Corp.*, No. 2:08–cv–02868–JPM–cgc, 2010 WL 8747316, at *3 (W.D. Tenn. Mar. 10, 2010) (quoting *Lewis v. Weyerhaeuser*, 141 F. App'x 420, 426 (6th Cir. 2005)). The cases in which this has been noted

---

[4] The outstanding debt discharged amounted to $1,844.88 whereas Plaintiff was refunded $3,222.10 for overpayment (Court File No. 24-5). Defendant casts aspersions on this issue by calling this an "anomaly." Defendant vaguely notes "the record does not illuminate the circumstances under which Mr. Crankshaw received a refund when some portion of the unsecured creditor claims went unpaid" (Court File No. 37). According to the only evidence before the Court, the bankruptcy court discharged these debts not because Plaintiff could not pay them but because the creditors did not file a claim in bankruptcy. Plaintiff's procedural representation is corroborated by the discharge of debt constituting slightly more than half Plaintiff's overpayment refund. The Court can only assume disclosure of an additional asset would not have made any difference.

5

by the Sixth Circuit, however, involved plaintiffs who had something to gain by minimizing their income and assets. *See, e.g.*, *White*, 617 F.3d at 479 (quoting *Lewis* and noting "White had a motive for concealment: if the harassment claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying White's creditors, rather than simply to paying White"); *Lewis*, 141 F. App'x at 426 (noting it was in the plaintiff's interest to conceal the action where her claim accrued before she filed bankruptcy, she only paid thirty-two percent of her indebtedness, and she filed the suit one month after her bankruptcy). Admittedly, some courts have presumed motive in Chapter 13 cases following *Lewis* and *White*. *See, e.g.*, *Piper v. Dollar Gen. Corp.*, No. 3:11–554, 2011 WL 4565432, at *5 (M.D. Tenn. Sept. 29, 2011) ("[A] *motive* to conceal is presumed because 'it is always in a Chapter 13 petitioner's interest to minimize income and assets' . . ."). However, these courts typically do so in the context of a plaintiff who stands to benefit from the failure to disclose the claim at the time of non-disclosure. *See, e.g.*, *Piper*, 2011 WL 4565432, at *5 n.4 (presuming motive to conceal even though the trustee admitted the plaintiff's plan would not have changed because "claims (and the judgments therefrom) get paid to the plaintiff, not the estate" and "[t]he issue is not whether the Plan would have been any different but whether the record provides sufficient evidence that the plaintiff was attempting to keep assets for herself that rightfully belonged to the estate"); *Coffelt v. Am. Frozen Foods, Inc.*, No. 1:10–CV–69, 2010 WL 4238005, at *3 (E.D. Tenn. Oct. 21, 2010) (noting the proceeds of the cause of action could go to pay creditors, who were receiving only ten percent of outstanding debt under the plan); *Paris v. Sansom*, No. 1:06-CV-98, 2007 WL 1345368, at *7 (E.D. Tenn. May 7, 2007) (noting whether she had disclosed the claim may have called into question the plaintiff's eligibility for bankruptcy as she had been paid nearly half of her outstanding debt prior to bankruptcy). In this case, however, Plaintiff could not have

benefitted from concealing this claim.

In a supplemental brief, Defendant also points to the Eleventh Circuit's discussion of this particular issue in *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269 (11th Cir. 2010).[5] The plaintiff there argued, as the plaintiff argues here, "she lacked motive to conceal her claims against [the defendant] as her Chapter 13 plan proposed complete repayment." 595 F.3d at 1275. The court rejected that argument, noting "full monetary repayment does not necessarily preclude a finding of a motive to conceal." *Id.* To the contrary, rather than requiring the bankruptcy proceeding result in a different outcome, "the motive to conceal stems from the possibility of defrauding the courts and not from any actual fraudulent result." *Id.*

However, *Robinson* is distinguishable from this case. In *Robinson*, the plaintiff brought the cause of action nine months before she was dismissed from bankruptcy. In that time period she could have settled the case and could have kept the proceeds of that settlement to herself rather than provide them to her creditors. Although she *later* paid her debts off in full, the court noted "Robinson has the benefit of making this argument in hindsight. When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *Id.* at 1276. Moreover, at the time she failed to disclose her suit, the trustee was seeking to dismiss the bankruptcy plan for the plaintiff's

---

[5] Defendant also cites two other cases, *Mayson v. Mitchell's Contr. Serv., LLC*, 816 F. Supp. 2d 1178, 1187 (S.D. Ala. 2011); *Burroughs v. Honda Mfg. of Ala., LLC*, 2011 U.S. Dist. LEXIS 155628, at *18-20 (N.D. Ala. 2011). Both those cases rely on *Robinson*, distinguished in this opinion. Moreover, it appears both cases, as did *Robinson*, involved plaintiffs whose plans *provided for* 100% repayment, but who had not yet repaid 100% of their debts at the time the plaintiff failed to disclose his cause of action. *See Mayson*, 816 F. Supp. 2d at 1187 (plaintiff failed to disclose an action pending for a year prior to his bankruptcy petition); *Burroughs*, 2011 U.S. Dist. LEXIS 155628, at *18-19 ("Plaintiffs suggest that no motive to conceal exists with respect to opt-in plaintiff Robert Ashley because his bankruptcy plan *proposed to* pay back 100% of his creditors.") (emphasis added). Accordingly, those case are distinguishable.

7

failure to make the required payments. She later defaulted on her second bankruptcy plan, which caused a creditor to seek relief from the automatic stay. Given those circumstances, "at the time she chose not to disclose her pending suit, there were legitimate questions regarding repayment." *Id.*

Here, on the other hand, by the time this cause of action accrued Plaintiff had already completed all payments under the plan. The only outstanding debts belonged to two unsecured creditors who had failed to file a claim in Plaintiff's bankruptcy action. Moreover, Plaintiff did not initiate this suit until seven months after the bankruptcy action was dismissed. It is simply unclear to the Court what Plaintiff could possibly have gained by not disclosing this action to the bankruptcy court. The bankruptcy court appears equally perplexed by Defendant's argument. To the extent Defendant relies on *Robinson*, the Court notes motive is to be considered at the time of non-disclosure. Although a different result in the bankruptcy court may not be required for the application of judicial estoppel, what a plaintiff stood to gain by concealing his claim is relevant to considering whether he had any motive to do so. Because Plaintiff here had nothing to gain, unlike the plaintiff in *Robinson*, the Court concludes Defendant has failed to demonstrate Plaintiff had motive to conceal this claim.

Plaintiff's apparent forgetfulness regarding this bankruptcy in his response to Defendant's interrogatories gives the Court considerable pause. Although Plaintiff suggests in an affidavit he had forgotten about his recent bankruptcy filing (Court File No. 29-1, ¶ 12), his failure to recall this bankruptcy stretches the bounds of credibility. However, he did discuss the bankruptcy in deposition (Court File No. 24-9, p. 33). Moreover, Defendant has still failed to point to any benefit Plaintiff would enjoy from failing to disclose the instant cause of action.

Accordingly, the Court concludes this case falls into one of the two categories in which a

8

debtor's failure to disclose is inadvertent: Plaintiff had no motive for concealment. *White*, 617 F.3d at 476. The Court will **DENY** Defendant's motion for summary judgment.

### B. Outstanding Motions

Defendant also moves to amend its answer to assert judicial estoppel as a defense. Because the Court has declined to apply judicial estoppel, that motion will be **DENIED** as **MOOT** (Court File No. 21). To the extent Defendant would contend this issue should be submitted to the jury, the Court notes "judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted). The Court declines to exercise that discretion here and submitting this question to the jury would be inappropriate.

The parties also filed a number of motions in limine (Court File Nos. 30, 31, 36). Some or all of these motions appear to rely in part on the issue of judicial estoppel and Plaintiff's bankruptcy. Because the trial date for this case has been set many months off, the Court will **DENY WITHOUT PREJUDICE** these motions so they may be refiled in light of the Court's ruling.

### IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion for summary judgment (Court File No. 24).

**An Order shall enter.**

                    **/s/**
                    **CURTIS L. COLLIER**
                    **UNITED STATES DISTRICT JUDGE**